HEARD APRIL TERM, 1876.

## WHALEY, *in re* FRASER & DILL *vs.* CHARLESTON.

After an appeal to the Supreme Court, and pending the appeal, the Circuit Court has no jurisdiction in the case, and cannot entertain a motion to enlarge the time to answer or to relieve a party of the judgment taken against him through his mistake, inadvertence, surprise or excusable neglect.

Where, in an action in the nature of a creditor's bill for the settlement of the estate of an insolvent testator, a decree was made for the sale of the real estate of the testator for the benefit of his creditors, remaindermen under the will who were not parties to the cause were allowed, pending an appeal, to come in by the Supreme Court, in order to protect their interest, and for that purpose the sale was suspended.

This was an appeal from the refusal of the Circuit Judge in the next preceding case to grant a motion made on behalf of William Whaley, executor of Joseph Whaley, deceased, and of his children, William Whaley, Jr., Washington A. Whaley and Joseph Whaley,—the three last named being minors.

The will of the testator devised his real estate—which by the decree of the Circuit Judge was ordered to be sold—to his son, the said William Whaley, for life, and after his death to his children above named.

The case will be sufficiently understood from the opinion of the Court.

October 23, 1876.   The opinion of the Court was delivered by

MOSES, C. J.   On 29th June, 1875, a decree was made by the Circuit Court in a case in which Fraser & Dill and Mary E. Davie were plaintiffs and William Whaley, executor of Joseph Whaley, the City Council of Charleston and others were defendants.   The complaint was in the nature of a bill by the creditors of the said testator, alleging waste and insolvency against the executor, praying the appointment of a Receiver for the estate, that certain stock of the city of Charleston standing in the name of the said Joseph Whaley at the time of his death should be accounted for by the said corporation, and for such other relief as the creditors in right of their respective demands were entitled to against the property of the testator.   On 12th September, 1874, on motion of the counsel for the plaintiffs, and with the consent of the defendants, who had answered, it was referred to a Referee "to inquire and report upon the facts, with leave to report any special matter."   The consent of the solicitor for executor of Joseph Whaley was also in writing given to the order.   Service of the summons and complaint was made on William Whaley, the executor, on July 9, 1874.   An order against him for judgment by default was entered on the 12th January, 1875, after a notice of three days that application for such an order would be made, and he was ordered to account before the Referee for his actings and doings as executor.   No exceptions were taken to the report of the Referee, save on behalf of the defendant the City Council of Charleston.   These were overruled, and on 29th June, 1875, judgment was pronounced by the Court in regard to the various matters embraced in the report.   On July 1, 1875, notice of appeal was in due form presented by the counsel of the City Council of Charleston.   A notice without date or any evidence of the time of its service was given to the counsel of the plaintiffs, the City Council and various of the creditors of the said testator that the said William Whaley, "executor, in *proper* person and as attorney for the remaindermen, would, on 25th September then next, at *chambers*, move to vacate the decree pronounced by Judge Reed on 29th June, 1875, in the case stated, and ask leave to file his answer and accounts;—failing that, he would renew his motion before the Supreme Court."   On September 22, 1875, an order was made by the Circuit Judge, "on motion of William Whaley, in *proper* person and attorney for the remaindermen under

the will of Colonel Joseph Whaley," granting leave "to file their application, with its exhibit, to vacate the decree made on the 29th June last in the above cause."

The application on the part of the executor and the remaindermen under the will was submitted to the Judge in the form of a motion on November 8th, 1875, "to open the decree heretofore made in the cause," and, after a hearing, it was refused. An appeal was taken and his refusal is brought to this Court as error. The remaindermen claim an interest under the will of the testator in his real estate on *Edisto* Island and Edingsville, after the termination of the life estate of their father, the said William Whaley, therein; and they, with him, seek to open the decree and to allow the executor to plead, answer or demur to the said complaint. The claim is asserted under the 196th and 197th Sections of the Code of Procedure. The first has reference only to amendments and correction of mistakes which "do not change substantially the claim or defense," and the last confers upon the Court power to enlarge the time to answer, and, in its discretion, within one year after notice thereof, to relieve a party of a judgment "taken against him through his mistake, inadvertence, surprise or excusable neglect." It might be enough here to say that when the motion was made before the Circuit Judge, the case, by appeal, had been transferred from his jurisdiction, and all his authority over it was, at least, suspended. If the judgment had remained subject to any charge or modification by his order we do not see in the brief any evidence of "such mistake, inadvertence, surprise or excusable neglect" as would have justified his intervention.

The chief objection to the decree urged in the application is that several of the orders which it embraces may affect interests of persons who were not made parties to the cause. So far from this being a sufficient objection on the part of the executor, the omission complained of may operate to his advantage, for the judgment can only bind those who are parties to it. If, therefore, proceedings against other persons may be requisite to give legal effect to any of the matters included in the decree, the executor must necessarily be a party thereto, and he may thus have an opportunity of making a defense which he has lost here by his own default.

While, therefore, we must dismiss the motion made by the appeal, a matter is brought to our consideration upon which we have authority to act as on an original motion submitted to us in a case

pending in this Court and of which notice has been brought to the parties in the cause.

It is clear that so much of the decree as directs a sale "of the plantation and lot" for the benefit of the creditors of the testator proposed a sale of the fee simple interest which he held at the time of his death. The brief shows that the remaindermen too are all infants, and, though the sale under the order might not transfer whatever interests they may have in the premises, it is safer for all that any chance of future litigation should be avoided, and it is the duty of the Court, so far as it can, when it directs a sale to define the interest upon which it is to operate. The minors should be parties to a proceeding for the sale of the real estate, which they may be prevented from enjoying under the will of their ancestor, by the necessity of its responding to its debts. They should have the opportunity of submitting any exceptions to the sale which they may make available to prevent it.

The principal cause in which intervention was made by the said application having been at this time remanded to the Circuit Court for the hearing of further testimony, the sale of any property directed by the decree therein in which the said minors may have an interest under the will of the said Joseph Whaley will be suspended until they are made parties thereto on the action of the plaintiffs and the further order of the Court.

*Wright*, A. J., and *Willard*, A. J., concurred.